[No. 19694. Department Two. March 18, 1926.]

THE STATE OF WASHINGTON, *on the Relation of W. H. Barber Company, Petitioner,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

[1] CONSTITUTIONAL LAW (134)—CORPORATIONS (20)—AMENDMENT OF ARTICLES—INCREASE OF CAPITAL STOCK—DUE PROCESS OF LAW —LICENSE TAX ON PROPERTY OUTSIDE THE STATE. Rem. 1923 Sup., §§ 3836 and 3837, requiring a foreign corporation, doing an intrastate business, to pay an annual license tax, graded in proportion to the amount of its capital stock, is not unconstitutional as to such a corporation increasing its capital stock by amended articles, for the reason that it takes its property without due process of law.

[2] COMMERCE (5)—CORPORATIONS (20)—ANNUAL LICENSE TAX—INTERFERENCE WITH INTERSTATE COMMERCE. The fact that a foreign

[1]Reported in 244 Pac. 398.

corporation is engaged in interstate commerce does not excuse its failure to pay an annual license tax for the privilege of doing an intrastate business, required of all domestic and other corporations.

Application filed in the supreme court November 30, 1925, for a writ of mandamus to compel the secretary of state to file amended articles increasing the capital stock of a foreign corporation. Denied.

*Lund & Dodds,* for relator.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

PARKER, J.—This is an original mandamus proceeding in this court, wherein the petitioner, Barber Company, a Delaware corporation, seeks a writ of mandate directing the secretary of state to accept for filing and file in his office a duly certified copy of its amended articles of incorporation, evidencing an increase in its capitalization under the laws of Delaware. The petitioner tendered such copy for filing, and also an amount claimed by it as a sufficient legal filing fee. The secretary refused to file the tendered copy of the petitioner's amended articles, because, as claimed by him, of the insufficiency of the amount so tendered by it for the filing fee. The case is submitted to us upon the facts as alleged in the petitioner's petition, the secretary, by the *Attorney General,* having demurred thereto upon the ground that the petition fails to state facts sufficient to entitle the petitioner to the relief prayed for.

To the end that we may have before us the whole of the petitioner's case, we here quote at length the allegations of its petition, omitting only formal parts and minor matters of no substantial moment in our present inquiry, as follows:

"Your petitioner, W. H. Barber Company, is and was at all times herein mentioned, a corporation, organized under the laws of the state of Delaware in 1919. At the time of its organization it had an authorized capital stock of $1,250,000; . . . In October, 1925, its capital, as authorized by the State of Delaware, was increased to $2,500,000. . . . At the time of its entry into the state of Washington your petitioner complied with the laws of Washington for registry of foreign corporations and is duly authorized to do business in the state of Washington, as originally capitalized. . . . Your petitioner has heretofore duly presented for filing with the said respondent, its amended Articles of Incorporation, duly and legally certified according to law, and has tendered to said respondent the sum of $10 as a filing fee, plus a folio fee of $12. The respondent has refused and still refuses to accept said tender or to file said amended Articles. Said respondent demands the sum of $750, plus the folio fee of $12 and less $25 (originally paid for filing original Articles) as a filing fee. The respondent bases his action upon Chapter 144 of the laws of Washington, 1923. The principal office of your petitioner is located in Wilmington, Delaware, but its principal business office is located in Minneapolis, Minnesota. It maintains another office in Chicago, Illinois. Its business consists of the manufacture and sale of petroleum products and it is engaged both in interstate and intrastate commerce. It manufactures and refines petroleum products at Minneapolis, Minnesota; Chicago, Illinois, and other points and ships the same in car load lots and in original packages to, through and out of many states, including the state of Washington. It maintains depots and warehouses in connection with its interstate business and distributes its products from said depots and warehouses in intrastate business. Its total assets exceed $2,800,000 and it does a total interstate and intrastate business of over $10,000,000. It owns property in the state of Washington in value not to exceed $40,000 and it has an annual business in the state of Washington not to exceed $100,000. By far the greater portion of its

business is interstate commerce. The said Chapter 144 of the laws of Washington, 1923, is void as applied to your petitioner, a foreign corporation, for the reason that, as above set forth, your petitioner is engaged in both interstate and intrastate commerce and the license fee or excise provided in said statute is based upon the entire authorized capital of your petitioner, a foreign corporation, which is doing both a local and interstate business in several states and is essentially and for every practical purpose, a tax on the entire business of the corporation, including that which is interstate, and on its entire property, including that in other states; and is unconstitutional and void and in contravention of the Federal Constitution as illegally burdening interstate commerce, and also as wanting in due process because laying a tax on property beyond the jurisdiction of the state. . . . Wherefore your petitioner prays that a peremptory writ of mandate issue directed to the respondent directing and authorizing him to accept and file the amended Articles of Incorporation of your petitioner, upon the payment of the amount tendered. . . . "

The filing fee demanded of the petitioner by the secretary to entitle it to file in his office the tendered certified copy of its amended articles evidencing the increase of its capitalization, is the fee, payable alike by domestic and foreign corporations, as prescribed by ch. 144, Laws of 1923, p. 462, amending §§ 3836 and 3837, Rem. Comp. Stat. The tendered fee is that prescribed by those sections prior to being so amended. This, we understand, is conceded by counsel on both sides of this case. The theory of the contentions made in behalf of the petitioner is, in substance, that it is entitled to file in the office of the secretary the certified copy of its amended articles evidencing its increased capitalization and thus be entitled to do business in this state as a corporation capitalized as so increased, upon tender for filing of such amended articles and the

filing fee prescribed by §§ 3836 and 3837, prior to their amendment, because such amendment by ch. 144, Laws of 1923, p. 462 [Rem. 1923 Sup., §§ 3836, 3837], is unconstitutional as to petitioner, a foreign corporation, engaged in both interstate and intrastate commerce in this state.

[1] In so far as the petitioner seeks, as a foreign corporation, the filing of the certified copy of its articles evidencing its increased capitalization, and thereby the privilege of doing intrastate business in this state as a foreign corporation of such increased capitalization, it seems to us our recent decision in *Lamont, Corliss & Co., v. Hinkle,* 136 Wash. 285, 239 Pac. 840, is decisive against the petitioner in this case. The amounts of the filing fees prescribed by chapter 144, Laws of 1923, are graduated in proportion to the total authorized capital stock, original or increased, and are exactly the same in amounts as to both domestic and foreign corporations; so the latter, with respect to acquiring the privilege of doing intrastate business in this state, are burdened with such filing fees in the acquisition of that right exactly as our own domestic corporations are so burdened, and to no greater extent. The fact that the petitioner as a foreign corporation may not use all its capital in this state, it seems to us, is of no consequence in our present inquiry. The privilege it seeks is to do intrastate business in this state as a foreign corporation capitalized at $2,500,000. To what extent it purposes to exercise that privilege is of no more concern to the state than as if it were a domestic corporation.

[2] It is contended in behalf of the petitioner, as we understand its counsel, that the facts of this case differentiate it from *Lamont, Corliss & Co. v. Hinkle, supra,* in that here we have the alleged fact that the

larger part of the petitioner's business is interstate business; that is, interstate commerce which is beyond the power of the state to burden or control. We are at a loss to understand as to just why the petitioner should desire to file with our secretary of state either its original or amendatory articles, evidencing its original and increased capitalization looking to its qualification to do intrastate commerce business in this state, when it needs no grant of privilege from the state in that behalf. No doubt, counsel for the petitioner would strenuously so contend, if the state should undertake to interfere with its interstate commerce business; and would readily find abundant authority in support of such contention. 12 C. J. 59. In our decision in *Lamont, Corliss & Co. v. Hinkle,* we did point out the fact that it was not claimed in that case that Lamont, Corliss & Company were to any extent engaged in interstate commerce. We now think, however, that the decision in that case would have been the same, even had it therein been made plain that Lamont, Corliss & Company were engaged largely in interstate commerce and to a less extent in intrastate business, in view of the fact that it was in that case, as it is in this case, solely a question of whether or not our secretary of state shall receive and file duly certified amended articles of incorporation evidencing increased capitalization without payment of our statutory fees therefor, as prescribed by ch. 144, Laws of 1923, p. 462, amending §§ 3836 and 3837, Rem. Comp. Stat., to the end that the petitioner may be authorized to transact intrastate business, not interstate commerce business, within this state; the fees so prescribed being exacted, manifestly, as a prequisite to the former and not the latter privilege.

This is not a case looking to the enjoining of any of the constituted authorities of this state from burdening or otherwise interfering with the interstate commerce business of the petitioner; nor is it a case looking to the recovery of any unlawfully exacted charges, made by the state or any of its constituted authorities, paid under protest by a foreign corporation. The decisions of the courts cited by counsel for the petitioner, as we read them, all have to do with a threatened interference on the part of a state, through its constituted authorities, with interstate commerce, or have to do with the recovery of some exacted charge paid by a foreign corporation, which charge had the effect of burdening interstate commerce. No decision of any court has come to our attention wherein, under the guise of federal protection of interstate commerce, any state has been judicially coerced into placing upon its public records what would be, in effect, an affirmative record of the granting of a privilege such as is here sought to be secured by this petitioner.

The prayer of the petition is denied.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.